■ In the Matter of LARICE N. MC., an Infant. SCO FAMILY OF SERVICES, Respondent; MAURICE MC., Appellant. [969 NYS2d 531]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of permanent neglect, the father appeals from an order of disposition of the Family Court, Queens County (Richroath, J.), dated March 29, 2012, which, upon a fact-finding order of the same court dated January 5, 2012, made after a hearing, finding that he had permanently neglected the subject child, and, after a dispositional hearing, terminated his parental rights and transferred custody and guardianship of the child to SCO Family of Services for the purpose of adoption. The appeal brings up for review the fact-finding order dated January 5, 2012.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established, by the requisite clear and convincing standard of proof, that he permanently neglected the subject child by continuing to engage in dangerous criminal activity in her presence in the years following her removal from his custody, by failing to maintain consistent contact with the child, and by failing to plan for her future (see Social Services Law § 384-b; *Matter of Sarah Jean R.*, 290 AD2d 511, 512 [2002]). Notwithstanding the diligent efforts of SCO Family of Services to help reunite the family (see Social Services Law § 384-b [7] [a]), the father was incarcerated and ultimately permanently deported from the United States as a result of his

criminal convictions. By his actions, the father failed to plan for the child's return to his custody (*see Matter of Laura F.*, 48 AD3d 812 [2008]).

Further, the Family Court properly determined that the best interests of the subject child would be served by terminating the father's parental rights and freeing the child for adoption by the foster parent (*see* Family Ct Act § 631). Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.